UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERNANDO JAVIER V.A.,

            Petitioner,

    v.

TODD M. LYONS, et al.,

            Respondents.

No. 2:26-cv-01297-TLN-AC

A # 246-544-863

**ORDER**

This matter is before the Court on Petitioner Fernando Javier V.A.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed an Opposition to the Petition for Writ of Habeas Corpus, Motion for TRO, and Motion for Preliminary Injunction. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an asylum-seeker who entered the United States on or about December 12, 2022.  (ECF No. 8-1 at 1.)  He was processed and released on parole on December 13, 2022.  (ECF No. 1 at 36.)  In the time that followed, Petitioner built a stable and productive life, obtaining work as a driver for a valet company and delivery company, and studying English at night.  (*Id.* at 11.)  He filed an application for asylum, which remains pending.  (*Id.* 11–12.)  Petitioner is the father of three children who rely on him emotionally and financially.  (*Id.* at 13.)  He also has close family members who are United State citizens and lawful residents, including his grandmother, aunts, and cousins.  (*Id.*)  Petitioner maintains that he is not a danger to the community or a flight risk.  (*Id.* at 14.)  According to the Government's records, Petitioner was arrested in 2023 for violations of the Alternatives to Detention program ("ATD"), however an immigration judge ordered him released on bond shortly thereafter.  (ECF No. 8-1 at 3; ECF No. 8-2.)

On January 29, 2026, Petitioner was arrested for a misdemeanor offense following an encounter with a tow truck driver who called the police.  (ECF No. 1 at 5.)  Petitioner's family paid his bond, but Immigration and Customs Enforcement ("ICE") placed an immigration detainer on him which prevented his release.  (*Id.*)  On February 1, 2026, Petitioner was transferred into ICE custody.  (*Id.*)  Petitioner was initially held at a detention facility in Florida and subsequently transferred to facilities in Texas and Arizona before arriving at his current location at the California City Correctional Center.  (*Id.* at 5–6.)

On April 3, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention and seeking immediate release.  (*Id.* at 7–9.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 8.)  In opposition, Respondents contend Petitioner has no liberty interest because he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").[2]  (ECF No. 8 at 2–3.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the

---

[2]    Respondents separately argue that because "[P]etitioner was [re]-detained following an encounter with law enforcement[,] [u]nder § 1226(b) bond can be revoked at anytime" and Petitioner can be re-detained without a pre-deprivation hearing.  (ECF No. 4 at 5.)  Apart from mentioning § 1226(b), Respondents put forth no authority for this contention.  The Court notes that while the INA and its implementing regulations allow for a noncitizen's release to be revoked under certain circumstances, there is no indication on the record that the Government followed the proper procedure to revoke Petitioner's release and in any event, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."  *Hernandez*, 872 F.3d at 981; *see J.D. B.R. v. Wofford*, No. 1:25-CV-02009-TLN-CKD, 2026 WL 234661, at *3 (E.D. Cal. Jan. 29, 2026) (discussing revocation of release).

Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.      Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. The Government's decision to release Petitioner on recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Petitioner has lived in the United States for over three years, during which time he pursued his asylum claim and built a life, working and providing for his family. While Petitioner's release was briefly revoked in 2023 for ATD violations, Respondents do not seek to justify his current detention on that basis. (*See generally* ECF No. 8.) Therefore, the time Petitioner spent released on parole and the meaningful community connections he appears to have made in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

The Court is not persuaded by Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking

4

admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).  Respondents put forth no new arguments or facts justifying a different conclusion in this case.  Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2).  Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

### B.     Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe*, 787 F. Supp. 3d at 1094 ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.").  Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.

Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. As Respondents do not argue Petitioner is a danger to the public or a flight risk, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.[3]

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus.[4] (ECF No. 1.) IT IS HEREBY ORDERED:

1.      Respondents must IMMEDIATELY RELEASE Petitioner Fernando Javier V.A. (A # 246-544-863) from custody under the same conditions he was released prior to his current detention. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the**

---

[3]      Petitioner also challenges his detention as violating the Immigration and Nationality Act. (ECF No. 1 at 7–8.) As the Court concludes Petitioner's detention violates the Constitution, the Court need not address Petitioner's statutory claim.

[4]      The Court declines Respondents' request to include specific language in the injunction as it remains unclear to the Court why it is necessary. (ECF No. 8 at 4.)

**Court's Order within two (2) court days from the date of this Order.**

2.      Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3.      Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

**4.      The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

5.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 24, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE